UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA,                                                                           Case No.

                                      Plaintiff,

                        -against-

PENNSYLVANIA LUMBERMENS MUTUAL
INSURANCE COMPANY,

                                      Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY ("Lumbermens") alleges upon information and belief as follows:

### NATURE OF THE ACTION

1. In this action, Travelers seeks a declaration that Lumbermens is obligated to defend and indemnify Sciame Construction, LLC ("Sciame") and Ogden Codman LLC ("Ogden") in connection with an underlying action claiming injuries allegedly sustained by Jose Zempoaltecatl Pena (the "Claimant").

2. The Claimant's incident allegedly occurred on or about November 17, 2021 at 1083 Fifth Avenue, New York, NY 10128 (the "Project").

### PARTIES

3. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a

principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Lumbermens was and is a Pennsylvania corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Lumbermens.

8. Plaintiff Travelers has no adequate remedy at law.

## THE INSURANCE POLICIES

9. Travelers issued an insurance policy to Sciame providing commercial general liability coverage for the policy period June 1, 2021 through June 1, 2022 under policy no. CO-3612A411-TIL-21 (the "Travelers Policy").

10. Ogden is an additional insured under the Travelers Policy.

11. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12. Upon information and belief, Defendant Lumbermens issued an insurance policy to Exquisite Stair Builders Corporation ("Exquisite") providing commercial general liability

coverage with policy no. 31E2580122, with a policy period of August 5, 2021 to August 5, 2023 (the "Lumbermens Policy").

13. Upon information and belief, subject to certain terms, conditions, and exclusions, the Lumbermens Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

## BACKGROUND FACTS

14. Ogden retained Sciame for construction manager services at the Project.

15. Sciame entered into a contract with Exquisite dated "7/7/21" in which Exquisite agreed to furnish and install labor and material to complete certain stairs related work at the Project (the "Contract").

16. Pursuant to the Contract, Exquisite agreed to procure commercial general liability coverage for Sciame on a primary and non-contributory basis.

17. A true and correct copy of the Contract is annexed as **Exhibit** "**A**."

18. The Claimant alleged that he sustained injuries at the Project while performing work in the course of his employment with Up Construction on or about November 17, 2021.

19. By a complaint filed on or about January 11, 2022, Claimant commenced an action captioned *Joese Zempoaltecatl-Pena v. Ogden Codman LLC, et al.*, pending in the Supreme Court of the State of New York, County of Bronx, Index No. 800488/2022E (the "Underlying Action").

20. By a third-party complaint filed on or about September 13, 2022, Sciame commenced a third-party action against Exquisite.

21. Claimant filed an amended complaint on or about September 13, 2022, adding Exquisite as a defendant.

22. A true and accurate copy of the Amended Complaint from the Underlying Action

is annexed as **Exhibit "B."**

23. The Underlying Action seeks recovery for the Claimant's injuries from an underlying workplace accident based on theories of negligence and violations of New York Labor Law §§ 200, 240(1) and 241(6).

## TENDER TO LUMBERMENS

24. By letter dated June 3, 2022, Travelers tendered to Lumbermens on behalf of Sciame and Ogden, seeking additional insured status under the Lumbermens Policy and Lumbermens Excess Policy.

25. By correspondence dated August 24, 2022, Travelers renewed its tender to Lumbermens.

26. Lumbermens has failed to provide any response to Travelers' requests.

27. Lumbermens has failed to meet its obligation to defend and indemnify Sciame and Ogden as additional insureds in the Underlying Action.

## TRAVELERS' CAUSE OF ACTION FOR DECLARATORY RELIEF AS AGAINST LUMBERMENS

28. Travelers repeats and realleges the allegations contained in paragraphs 1-27 above as if set forth here in their entirety.

29. Sciame qualifies as an additional insured under the Lumbermen Policy.

30. Ogden qualifies as an additional insured under the Lumbermen Policy.

31. Sciame and Ogden are entitled to a defense under the Lumbermen as well as indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

32. Coverage provided to Sciame and Ogden, by the Lumbermen Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

33. Lumbermens has refused to provide coverage to Sciame and Ogden with respect to the Underlying Action.

34. Accordingly, Travelers seeks a declaration that Lumbermens has an obligation to defend and indemnify Sciame and Ogden as additional insureds; that the coverage provided by the Lumbermen Policy to Sciame and Ogden is primary; and that the obligations of Travelers to Sciame and Ogden in the Underlying Action is excess to proper exhaustion and full payment of the limits of the Lumbermens Policy.

35. In addition, Travelers seeks an award at law and in equity against Lumbermens for recovery of all sums Travelers has incurred in defense of Sciame and Ogden in the Underlying Action because the coverages provided by the Lumbermens Policy are primary to any coverage provided by Travelers.

## PRAYER FOR DECLARATORY RELIEF

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring that the Lumbermens Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Lumbermens Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Lumbermens Policy.

4. Declaring that Defendant Lumbermens owes a duty to defend Sciame in connection with the Underlying Action.

5. Declaring that Defendant Lumbermens owes a duty to defend Ogden in connection with the Underlying Action.

6. Declaring that Defendant Lumbermens owes a duty to indemnify Sciame in connection with the Underlying Action.

7. Declaring that Defendant Lumbermens owes a duty to indemnify Ogden in connection with the Underlying Action.

8. Declaring that Defendant Lumbermens' coverage obligations to Sciame in connection with the Underlying Action are primary.

9. Declaring that Defendant Lumbermens' coverage obligations to Ogden in connection with the Underlying Action are primary.

10. Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy to Sciame are excess and non-contributory to those of Defendant Lumbermens with respect to the Underlying Action.

11. Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy to Ogden are excess and non-contributory to those of Defendant Lumbermens with respect to the Underlying Action.

12. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Lumbermens with respect to Lumbermens' duty to defend and to indemnify Sciame and Ogden in connection with the Underlying Action.

13. Granting an award in favor of Plaintiff Travelers against Defendant Lumbermens for all sums Travelers has paid in defending the Underlying Action.

14. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

15. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 29, 2023

            USERY & ASSOCIATES

            */s/ Tung Sing Wong*
By: _____
            Tung Sing Wong
            *Attorneys for Travelers Property Casualty Company of America*
            Direct: 917.778.6429
            Fax: 844.571.3789
            Email: twong2@travelers.com

            <u>Please address all correspondence sent by mail to:</u>
            P.O. Box 2996
            Hartford, CT 06104-2996

            <u>Physical Address</u>:
            485 Lexington Avenue, 6th Floor
            New York NY 10017